# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| v. | ) | ID No. 0702002298 |
| | ) | |
| JOSE D. BEZAREZ, | ) | |
| | ) | |
| Defendant. | ) | |

Date Submitted: July 1, 2020
Date Decided: December 16, 2020

## ORDER DENYING FOURTH MOTION FOR POSTCONVICTION RELIEF

Upon consideration of Defendant's Motion for Postconviction Relief and Motion for Appointment of Counsel ("Motion"),[1] Superior Court Criminal Rule 61, statutory and decisional law, and the record in this case, **IT APPEARS THAT:**

1. On March 19, 2007, the Defendant was indicted on four counts of Reckless Endangering First Degree stemming from a shooting that occurred at an apartment building in New Castle. Defendant allegedly discharged a firearm in an apartment located directly above the victims' apartment and the bullets from Defendant's weapon pierced the ceiling of the victims' apartment while the victims were inside. Defendant entered a *nolo contendere* plea to one count of Reckless

---

[1] D.I. 109, 111.

Endangering First Degree and was sentenced to two years of incarceration at Level V on December 5, 2008.[2]

2. Defendant now comes before the Court with his *fourth* motion for postconviction relief and *third* motion to appoint counsel.[3] He raises three grounds for relief in the instant motion.[4]

3. First, Defendant argues that applying the current version of Superior Court Criminal Rule 61 to his motion constitutes an improper retroactive application of the Rule in violation of the ex post facto clause of the United States Constitution. He claims the amended language, notably the changes made by the 2014 amendment, deprives him of substantial rights that Defendant would have retained in a postconviction relief motion if filed in 2008, when his conviction in this case became final.[5] According to the Defendant, because his conviction and sentence

---

[2] D.I. 58. The facts of this case are set forth in this Court's Order issued on June 22, 2010 addressing Defendant's first Motion for Postconviction Relief and are incorporated by reference here.

[3] D.I. 109, 111.

[4] D.I. 109. Defendant filed his first motion for postconviction relief on January 4, 2010. D.I. 51. He filed his second motion for postconviction relief, along with a motion to appoint counsel on March 12, 2013. D.I. 62, 64. He filed his third motion for postconviction relief, and a second motion to appoint counsel on May 24, 2018. D.I. 98, 99. All of Defendant's motions for postconviction relief and motions to appoint counsel have been denied. Defendant appealed all three Superior Court orders denying his postconviction relief motions. His first appeal was dismissed as untimely. *Bezarez v. State*, 2 A.3d 73 (Del. 2010). His second appeal was denied and the Superior Court's judgment affirmed. *Bezarez v. State*, 105 A.3d 988 (Del. 2014). Defendant voluntarily dismissed his third appeal in 2019. D.I. 107.

[5] *Id.*

became final in 2008, the 2008 version of Rule 61 should apply to the instant motion.[6]

4.      In the instant motion, Defendant raises the same substantive ineffective assistance of counsel claims he did in his previous motions for postconviction relief: that defense counsel failed to properly advise him as to his plea and failed to provide effective representation.[7]

5.      The current version of Superior Court Criminal Rule 61(d)(2) requires the Court to summarily dismiss a second or subsequent motion for postconviction relief unless the movant was convicted after a trial and the pleadings allege new evidence of actual innocence[8] or a retroactive new rule of constitutional law that applies to the movant's case and renders the conviction invalid.[9]

6.      Pursuant to Rule 61(e)(5), the Court may appoint counsel for a movant's second or subsequent Rule 61 motion only if it is determined that the motion satisfies the pleading requirements of Rule 61(d)(2)(i) or (d)(2)(ii).[10]

7.      In the instant motion, Defendant does not argue that a retroactive new rule of constitutional law applies, nor does he argue the existence of new exculpatory evidence.  Rather, he claims that the Court's failure to apply the 2008 version of

---

[6] *Id.*
[7] *Id.*
[8] Super. Ct. Crim. R. 61(d)(2)(i).
[9] Super. Ct. Crim. R. 61(d)(2)(ii).
[10] Super. Ct. Crim. R. 61(e)(5).

Rule 61 to his ineffective assistance of counsel claims violates ex post facto. This Court defines ex post facto as a law or judicial order "that makes an action done before the passing of the law, and which was innocent when done, criminal; and punishes such action or that aggravates a crime, or makes it greater than it was, when committed."[11]

8. Defendant's claims of an ex post facto violation are without merit. Defendant does not argue that applying the current version of Rule 61 aggravates or makes greater the punishment for his actual conviction, the appropriate basis for an ex post facto claim. Instead, he claims that the current Rule 61 language makes it more difficult for him to successfully argue his ineffective assistance of counsel claims, all of which have been previously adjudicated by this Court.[12] At the time he filed each motion for postconviction relief, the version of Rule 61 in existence at that time was used to adjudicate his motion.

9. Defendant does not argue that any new evidence exists, but merely reiterates his ineffective assistance of counsel allegations from previous postconviction relief motions. He offers no new information or arguments for the Court to consider.[13]

---

[11] *Johnson v. State*, 472 A.2d 1311, 1313-314 (Del. 1983) (internal citations and quotations omitted); *see also State v. Dickerson*, 298 A.2d 761, 768 (Del. Super. 1973).
[12] *See State v. Bezarez*, 2010 WL 2573753 (Del. Super. June 22, 2010); *State v. Bezarez*, 2014 WL 2119703 (Del. Super. May 12, 2014); *State v. Bezarez*, 2018 WL 3912027 (Del. Super. Aug. 14, 2018).
[13] Del. Super. Ct. Crim. R. 61(d)(2).

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Defendant's Fourth Motion for Postconviction Relief is **SUMMARILY DISMISSED** and his Motion for Appointment of Counsel is **DENIED AS MOOT.**

*Jan R. Jurden*

_____

Jan R. Jurden, President Judge

Original to Prothonotary

cc: Jose D. Bezarez (SBI# 260625)